**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANETTE T. RECIO, | NO. CV 18-2954-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **AND ORDER OF REMAND** |
| Defendant. | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 9, 2018, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 22, 2018. Plaintiff filed a motion for summary judgment on August 27, 2018. Defendant filed a motion for summary judgment on September 26, 2018. The Court has taken both motions under submission without oral

argument.  See L.R. 7-15; "Order," filed April 17, 2018.

**BACKGROUND**

Plaintiff, a former reservation clerk and retail manager, claims disability since January 5, 2014, based on a host of alleged impairments (Administrative Record ("A.R.") 12-760).  In evaluating Plaintiff's claim, the Administrative Law Judge ("ALJ") did not have the benefit of opinions from any state agency review physician.  The ALJ did not order that any consultative physicians examine Plaintiff.  The ALJ also did not retain any medical expert.  The ALJ did examine Plaintiff's treatment records, however, and found that Plaintiff suffers from numerous severe impairments: "diabetes mellitus with peripheral neuropathy; cervical spine spondylosis and stenosis; status post cervical discectomy and interbody fusion of C3-C5 in September 2015; cervical spine radiculopathy; cubital syndrome left ulnar nerve elbow; cervical myelopathy; left bundle branch block; hypertension; left hip osteopenia; right shoulder tendinosis; rheumatoid arthritis; obesity; fibromyalgia; lumbago with lumbar degenerative changes; and chronic fatigue syndrome" (A.R. 12).

At the December 7, 2016 hearing before the ALJ, Plaintiff testified to allegedly disabling functional limitations from her severe impairments, including an asserted inability to stand more than "a minute or two" and an asserted inability to walk without a walker (A.R. 36-37).  More than two years earlier, on October 7, 2014, Plaintiff had reported greater functionality, including an ability to walk approximately half a mile (A.R. 186).

2

Over the period of alleged disability, Plaintiff's treatment records have been inconsistent and ambiguous regarding her capacity to ambulate. For example, records sometimes indicated an ataxic or abnormal gait and sometimes indicated a normal gait (A.R. 301, 306, 435, 436). The very same page of one treatment record indicated both that Plaintiff's gait was ataxic and that Plaintiff's gait was normal (A.R. 436). Records sometimes reflected an alleged need for a walker or even a wheelchair (A.R. 310, 466, 494). Other records (from the same provider who recommended a wheelchair) reflected recommendations that Plaintiff walk up to 30 minutes each day (A.R. 463, 477, 485).

The ALJ concluded that, despite Plaintiff's constellation of severe impairments, Plaintiff retains the residual functional capacity to perform light work, including the capacity to "stand/walk for about 6 hours out of 8" (A.R. 15). Based on this conclusion, the ALJ deemed Plaintiff not disabled (A.R. 18-19). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

(1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

On the present record, substantial evidence does not support the ALJ's conclusion regarding Plaintiff's residual functional capacity. No medical opinion of record addresses Plaintiff's work-related functional capacity. The ALJ could not properly rely on the ALJ's own lay understanding to interpret the medical records and the medical examination results so as to gauge the functional seriousness of Plaintiff's severe impairments. See Tackett v. Apfel, 180 F.3d 1094, 1102-03 (9th Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975). Thus, absent expert assistance, the ALJ could not competently translate the medical evidence in this case into a residual functional capacity assessment. See Tackett v. Apfel, 180 F.3d at 1102-03 (ALJ's residual functional capacity assessment cannot stand in the absence of evidentiary support); Rohan v. Chater, 98 F.3d at 970 ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1995) (same); Day v. Weinberger, 522 F.2d at 1156 (an ALJ is forbidden from making his or her own medical assessment beyond that demonstrated by the record).

For example, the ALJ appears to have inferred from Plaintiff's "conservative" treatment that Plaintiff's severe fibromyalgia does not

reduce her functionality below the capacity to perform light work (A.R. 17). The ALJ apparently reasoned that, if Plaintiff's fibromyalgia had been so profound as to limit Plaintiff's capacity further, her physicians would have done something other than prescribe medications and physical therapy (A.R. 17). The ALJ lacks the medical expertise to draw this speculative inference. The ALJ is not competent to opine regarding the relationship, if any, between particular fibromyalgia treatments and the particular limiting effects of fibromyalgia symptoms. See, id.; see also Revels v. Berryhill, 874 F.3d 648, 662 (9th Cir. 2017) ("In evaluating whether a claimant's residual functional capacity renders them [sic] disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods . . ."); cf. Rudder v. Colvin, 2014 WL 3773565, at *12 (N.D. Ill. July 30, 2014) ("The ALJ may be correct that disabling limitations from multiple sclerosis would result in more frequent treatment or need for medication. However, the ALJ must include evidence to support such a conclusion in his opinion because he is not qualified, on his own, to make such determinations.") (citations and quotations omitted).

For further example, the record contains scans and x-rays pertaining to Plaintiff's severe orthopedic impairments (A.R. 269-70, 335, 361, 390). Inferring functional capacity from the radiologists' readings of these scans and x-rays would also appear to be beyond the medical expertise of the ALJ.

The ALJ should have more fully and fairly developed the inconsistent and ambiguous record in the present case. See Sims v.

Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ."); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's duty to develop the record further is triggered "when there is ambiguous evidence or when the record is inadequate to allow for the proper evaluation of the evidence") (citation omitted); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("[T]he ALJ has a special duty to fully and fairly develop the record to assure the claimant's interests are considered. This duty exists even when the claimant is represented by counsel."). In particular, the ALJ should have ordered examinations and evaluations of Plaintiff by consultative physicians having the appropriate specialties. See Reed v. Massanari, 270 F.3d 838, 843 (9th Cir. 2001) (where available medical evidence is insufficient to determine the severity of the claimant's impairment, the ALJ should order a consultative examination by a specialist); accord Kish v. Colvin, 552 Fed. App'x 650, 651 (9th Cir. 2014).

The Court is unable to deem the errors in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").
///
///

Remand is appropriate because the circumstances of this case suggest that an expansion of the record and further administrative review could remedy the error discussed herein. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2018) ("an automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule"); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record relating to Plaintiff's residual functional capacity.

///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 5, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

8